IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Juarez Rogers (#2015-0307229), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 3722 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| Thomas J. Dart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant's motion to dismiss the "amended" complaint [#18] is denied. The Court directs Defendant to answer or otherwise plead by January 6, 2016. Status hearing set for February 9, 2016 is stricken and reset to January 15, 2016 at 8:30 a.m. Defendant's counsel is directed to make arrangements for plaintiff Juarez Rogers to appear via telephone for the January 15, 2016 status hearing. Counsel shall contact the courtroom deputy, 312/435-5879, by January 14, 2016 with the call-in telephone number.

## STATEMENT

Plaintiff Juarez Rogers, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Rogers claims that "the ceiling fell down" in his cell while he was sleeping, hitting him in his face. This matter is before the Court for a ruling on Defendant's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this Order, the Court denies the motion.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). It is well established that courts must liberally construe *pro se* complaints. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). The Court holds *pro se* submissions to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing

all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## FACTS

Plaintiff Juarez Rogers is an inmate in the custody of the Cook County Department of Corrections. Defendant Thomas Dart is the Sheriff of Cook County.

Rogers alleges the following facts, which the Court assumes as true for purposes of the motion to dismiss:[1]

Over an unspecified course of time, Rogers brought his leaking ceiling to the attention of the 3 Annex wing officer multiple times. Rogers also filed several grievances concerning his ceiling. Correctional officials provided Rogers with a bucket to catch the water and dry sheets to replace wet ones. Officials, however, took no action to rectify the problem.

Around 3:00 or 4:00 in the morning on March 25, 2015, Rogers was sleeping in his bed when the "ceiling tile fel[l] down." Plaster struck Rogers in his face; pieces and/or dust fell into his mouth, nose and eyes. In a panic, Rogers jumped out of bed, somehow hurting his neck and shoulder in the process. Rogers informed correctional officials, who sent him to Cermak Health Services for assessment and treatment. Health care providers took x-rays of Plaintiff's knee and shoulder. Rogers then returned to the same wing where he had been housed. Rogers continues to receive ongoing care, treatment, and rehabilitation for his injuries.

## ANALYSIS

The Court remains satisfied that Rogers' allegations state a tenable—if borderline—cause of action under 42 U.S.C. § 1983. Incarcerated persons are entitled to confinement under humane

---

[1] The Court incorporates additional facts Plaintiff has alleged in response to Dart's motion to dismiss. *Huon v. Breaking Media, LLC*, 75 F. Supp. 3d 747, 756 (N.D. Ill. 2014) (Tharp, J.) (citing *Geinosky v. City of Chi.,* 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002)).

conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). "The State must provide an inmate with a 'healthy, habitable environment.'" *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted).

In a case involving conditions of confinement, two elements are required to establish a Fourteenth Amendment violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). The second requirement is a subjective element: a defendant must have a culpable state of mind, which is deliberate indifference to a known, substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842; *see also Grieveson v. Anderson*, 538 F.3d 763, 771-72, 77-79 (7th Cir. 2008) (applying same criteria for Eighth Amendment "cruel and unusual punishment" claims to those brought by a detainee under the Fourteenth Amendment).

Rogers has stated facts that suggest the ceiling may have been structurally unsound. A condition that poses a substantial risk of harm is one where the "risks [are] so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). This standard has been analogized to the threat posed by inherently dangerous situations such as placing a detainee in a cell with a cobra. *Id.* at 911 (citing *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995)). Rogers was not necessarily required to allege that the ceiling was crumbling, cracked, or buckling, as Dart seems to argue. It is not a stretch to suppose that a ceiling's integrity is at risk if water is leaking in sufficient quantities to soak beds and fill buckets. At this early stage of the proceedings, Plaintiff's allegations are enough to show an objectively serious hazard. The record will also require further development with respect to the degree the ceiling caved in—Dart characterizes the ceiling collapse as a single fallen tile, while Rogers describes being struck by debris that fell into his eyes, nose, and mouth.

Rogers has also met the subjective prong. It is true that the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 is premised on the wrongdoer's personal responsibility; therefore, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). Nevertheless, as noted in the Court's threshold review order, because Rogers' claim involves a "potentially systemic," rather than a "clearly localized" problem, the Sheriff, at least at the pleading stage, is a proper Defendant. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.). Dart may be liable for damages if he was aware that Rogers' cellhouse had structural problems but failed to take reasonable steps to prevent harm.

Moreover, Rogers has alleged sufficient injury to state a constitutional claim. Rogers states that the ceiling tile(s) struck him in the head. In addition, he claims to have injured his knee and shoulder when the ceiling collapse startled him out of his sleep. Furthermore, Rogers

maintains that his injuries were serious enough that he is still receiving treatment over eight months later. Again, nothing in this Order, which takes Rogers' factual allegations at their face for purposes of the motion to dismiss only, precludes Dart from marshalling evidence to refute Rogers' claims.

For the foregoing reasons, the Court denies Defendant's motion to dismiss the complaint for failure to state a claim [#18]. The Court does not intend this order to discourage either party from filing a properly supported motion for summary judgment. The Court directs Defendant Dart to answer or otherwise plead by January 6, 2016.

**Dated: December 9, 2015**

_____
**AMY J. ST. EVE**
**United States District Court Judge**